IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONOCOPHILLIPS COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:08-CV-281-WKW [WO] |
| | ) |
| SOUTHEASTERN ENERGY, | ) |
| CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On May 6, 2009, a hearing was held on Plaintiff ConocoPhillips Company's ("ConocoPhillips") motion for summary judgment (Mot. Summ. J. (Doc. # 34)). ConocoPhillips moved for summary judgment on each of its claims and on each of the counterclaims asserted by Defendants. (Mot. Summ. J. 1-2.) For the following reasons, partial summary judgment is due to be granted. The court reserves ruling on the remaining portions of the summary judgment motion.

ConocoPhillips sued Defendants for unamoritized funds it claims are due to be repaid because Southeastern Energy, Corporation ("SE Energy") debranded from the ConocoPhillips gasoline brands and according to ConocoPhillips, thereby triggered a contract provision requiring repayment of funds provided to improve SE Energy's facilities. (Complaint ¶¶ 9-18.) Repayments for four facilities are at issue. (Complaint ¶ 15.) SE Energy's response opposing summary judgment does not dispute the repayments for the LaGrange, Georgia, and Anniston, Alabama locations. The parties also made representations

at the hearing that repayments for those locations will be made.  Summary judgment on the repayment of funds for those locations is therefore due to be granted.

This ruling does implicate or resolve, however, any of the contract and related disputes regarding the remaining two locations.  It provides no opinion as to the contractual obligations governing the LaGrange and Anniston locations, and the parties should not interpret the ruling to affect their claims, defenses, or arguments for the remaining locations.  SE Energy conceded its obligation to pay back funds on the La Grange and Anniston locations, and this opinion merely recognizes and enforces that concession.

Accordingly, it is ORDERED that the motion for summary judgment (Doc. # 34) is GRANTED in part.  Defendants must repay the unamortized funds in the amount of $70,703.95,[1] plus interest at the 6% judgment rate.  An appropriate judgment will be entered under Rule 54(b) of the Federal Rules of Civil Procedure.  The court reserves ruling on the remaining portions of the summary judgment motion.

DONE this 7th day of May 2009.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] The amount due breaks down to $61,721.36 for the LeGrange location, and $8,982.59 for the Anniston location

2